UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
VICTORIA HUAN,

        Plaintiff,                              REPORT AND
                                                                                                                                                  RECOMMENDATION
      -against-                                 22 CV 7392 (DG)(RML)

ANTHONY FAUCI, MD, *et al.*,

        Defendants.
---------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated June 29, 2023, the Honorable Diane Gujarati, United States District Judge, referred defendants' motion to dismiss to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be granted.

## BACKGROUND

        Plaintiff *pro se* Victoria Huan ("plaintiff") commenced this action on December 5, 2022, asserting claims against defendants Dr. Anthony Fauci ("Dr. Fauci"), the Centers for Disease Control and Prevention ("CDC"), and the Food and Drug Administration ("FDA") (collectively, "defendants"). (Complaint, filed Dec. 5, 2022 ("Compl."), Dkt. No. 1.) Plaintiff asserts claims under the United States Constitution and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*, on the basis of a variety of alleged acts by governmental and non-governmental actors. (See generally id.) Specifically, plaintiff alleges that the government's recommendations concerning the use of face masks during the COVID-19 pandemic were misleading, she objects to the issuance of the now-expired Federal Transportation Mask Mandate ("FTMM") requiring masks in connection with travel, and she contends that the government's conduct has resulted in plaintiff's being verbally harassed or otherwise mistreated by "random strangers," "coworkers," and "family members" when she chose not to wear a mask. (Id. at 12.)

She further claims that she believes she was filmed while in her hotel room on vacation in Puerto Rico and discussed in online forums and message boards. (Id. at 12-13.) Plaintiff seeks $39 million in damages, alleging that these actions have caused her to experience agoraphobia, anxiety, pain, and suffering, and have resulted in harm to her reputation and lost income. (Id.) Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and under Rule 12(b)(6) for failure to state a claim. (Motion to Dismiss, dated Apr. 17, 2023, Dkt. No. 16.)

## DISCUSSION

### A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff has the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. Id.; see also J. J. Cranston Constr. Corp. v. City of New York, 602 F. Supp. 3d 373, 377 (E.D.N.Y. 2022) ("A plaintiff asserting subject matter jurisdiction bears the burden of establishing such jurisdiction.").

A court may also dismiss a complaint under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Perez v. Hawk, 302 F. Supp. 2d 9, 16 (E.D.N.Y. 2004). A motion to dismiss should be granted where a complaint fails to plead enough facts to state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The presumption of truth "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by

2

mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. Twombly, 550 U.S. at 555.

When a complaint is filed by a *pro se* plaintiff, the court should construe the complaint liberally. Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam). Complaints by *pro se* plaintiffs are to be examined with "special solicitude," Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010), interpreted "to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), and "held to less stringent standards than formal pleadings drafted by lawyers," Hughes, 449 U.S. at 9. However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Forbes v. State Univ. of New York at Stony Brook, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003) (citations omitted) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

B.  Standing

Under Article III, section 2 of the U.S. Constitution, which limits the subject matter jurisdiction of federal courts to "cases" and "controversies," plaintiffs bringing suit in federal courts must demonstrate that they have standing to seek the relief they request. W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 106 (2d Cir. 2008); see also Kiryas Joel Alliance v. Vill. of Kiryas Joel, 495 F. App'x 183, 188 (2d Cir. 2012) ("To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that [they have] standing to sue.") (alteration in original) (internal quotation marks omitted); Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc., 697 F.3d 59, 65 (2d Cir. 2012) (the party asserting subject matter jurisdiction bears the burden of establishing its standing as the proper party to bring the action). To have standing,

a plaintiff must satisfy three requirements. First, a plaintiff must show an "injury in fact," which is defined as "an invasion of a legally protected interest" which is (a) "concrete and particularized," and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)). Second, the plaintiff must demonstrate a "causal connection between the injury and the conduct complained of." Id. This means that the injury must be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976). Third, the injury in question must be redressable by the relief sought in the complaint. Lujan, 504 U.S. at 561.

Here, plaintiff contends that she has been harassed or otherwise mistreated by various non-governmental actors, including by being: (i) "subjected to daily verbal threats and derogatory commentary by random strangers"; (ii) "ordered to put on a mask by practically every establishment and being asked to leave otherwise"; (iii) "screamed" at by "coworkers" and others who share the suite where plaintiff holds her private practice and "written up" at work; (iv) criticized by her psychiatrist; (v) screamed at by a family member; (vi) called "crazy" or a "liar" by social acquaintances, (vii) filmed while in her hotel room on vacation in Puerto Rico; and (viii) subjected to comments in an online forum or message board. (Compl. at 12-13.) Plaintiff contends that, as a result of these actions, she has experienced agoraphobia, anxiety, pain, suffering, harm to her reputation, and loss of income. (Compl. at 12-14.)

Accepting plaintiff's allegations as true and viewing them in the light most favorable to her, these alleged injuries are not fairly traceable to defendants' conduct. Indeed, plaintiff acknowledges that the mistreatment she allegedly experienced was at the hands of

4

"random strangers," co-workers, family members, and other non-governmental actors. (See Affidavit of Victoria Huan, filed June 16, 2023, Dkt. No. 23 (setting forth a list of incidents in which third parties, not affiliated with the government, allegedly mistreated plaintiff).) Thus, these are "independent action[s] of . . . third part[ies] not before the court," for which defendants are not liable. Simon, 426 U.S. at 41-42.

In her opposition brief, plaintiff argues that her alleged harassment by various third parties when she refused to wear a mask was the "foreseeable" result of the government's recommendations and policies concerning masks, and thus it was "fairly traceable" to the government's conduct. (See Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, dated June 22, 2023 ("Pl.'s Opp. Mem."), Dkt. No. 22, at 2-4.) However, plaintiff provides no basis for this conclusory assertion that defendants' public statements concerning the use of face masks or the issuance of travel-related mask orders is what caused various non-parties to allegedly mistreat her. "[U]nadorned speculation will not suffice to invoke the federal judicial power." Simon, 426 U.S. at 44 (remanding to district court to dismiss complaint in light of failure to draw connection between alleged injury and challenged actions of petitioners).

Moreover, to the extent plaintiff's allegations are a criticism of the federal government's pandemic-related policies, they constitute the kind of "generalized grievance" that is insufficient to establish standing because "the impact on [plaintiff] is plainly undifferentiated and 'common to all members of the public.'" United States v. Richardson, 418 U.S. 166, 171, 176-77 (1974) (holding that taxpayer suit challenging government's failure to disclose expenditures of Central Intelligence Agency warranted dismissal for lack of standing); see also Scotti v. United States, No. 18 CV 1725, 2018 WL 3122058, at *2 (E.D.N.Y. Apr. 24, 2018) (holding that plaintiffs lacked standing to bring claims challenging government's failure to

5

adequately fund security measures at educational facilities throughout the country because these claims were generalized grievances). Plaintiff argues that her grievance is not generalized because some people who refused to wear masks were fined or otherwise treated differently from those who wore them. However, plaintiff does not allege that she was uniquely harmed in any way that would distinguish her from numerous others who disagreed with mask-wearing. Accordingly, plaintiff lacks standing to bring her claims, and I respectfully recommend that the complaint be dismissed on this ground.

### C. Sovereign Immunity

As an alternative ground for dismissal under Rule 12(b)(1), defendants raise the defense of sovereign immunity with respect to all of plaintiff's claims. See Coritsidis v. Khal Bnei Torah of Mount Ivy, No. 22 CV 10502, 2024 WL 37122, at *3 (S.D.N.Y. Jan. 3, 2024) (explaining that a claim of sovereign immunity challenges the court's subject matter jurisdiction). The United States, as sovereign, is immune from suit except as it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Plaintiff's claim that the government's issuance of a mask mandate constitutes a "constitutional tort" is therefore barred because the United States has not waived its sovereign immunity with respect to constitutional tort claims. See, e.g., Bey v. Trump, 850 F. App'x 809, 810 (2d Cir. 2021); Hernandez v. United States, 939 F.3d 191, 205 (2d Cir. 2019); Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994); see also 28 U.S.C. § 2679(b)(2)(A).

As to plaintiff's claims under the FTCA, that statute provides a limited waiver of the government's sovereign immunity with respect to "claims against the United States, for money damages . . . for injury or loss of property, or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the [federal government] while acting within the

6

scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  The FTCA is a plaintiff's "exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment." Bey, 850 F. App'x at 810.  Here, plaintiff's claims that federal officials made false or misleading statements concerning mask wearing are barred by the FTCA's exception for claims arising from certain intentional torts, including alleged "misrepresentation" or "deceit."  28 U.S.C. § 2680(h); see also Ojo v. United States, No. 20 CV 4882, 2022 WL 4091011, at *5 (E.D.N.Y. Sept. 6, 2022) (collecting cases); Regnante v. Sec. & Exch. Offs., 134 F. Supp. 3d 749, 767 (S.D.N.Y. 2015) ("The United States has not, however, waived sovereign immunity for certain intentional torts, including claims arising out of 'misrepresentation' or 'deceit'").

Finally, plaintiff's claims based on the conduct of various non-governmental actors are barred because, under the FTCA, the United States is only liable for the negligent or wrongful acts or omissions of "an[] employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1) (emphasis added).[1]  The federal government cannot be held liable for the conduct of nongovernmental actors.  Therefore, plaintiff's claims are subject to dismissal on this ground.

D.  Failure to State a Claim

Lastly, defendants contend that dismissal is warranted under Federal Rule 12(b)(6) because the complaint's allegations are insufficient to state a claim for which relief can be granted with respect to any of the alleged claims. (Defs.' Mem. at 12.)  As defendants point

---

[1] Moreover, the only proper defendant for claims brought under the FTCA is the United States of America, and therefore any FTCA claims against defendants Dr. Fauci, the CDC, and the FDA must be dismissed on this ground, as well.  See 28 U.S.C. § 2679(b)(1).

out, the complaint is replete with bare legal conclusions—for example, that the government's statements and conduct regarding face masks constitute "negligence" and a "constitutional tort"—that fail to set forth any facts that plausibly allege that defendants are liable to plaintiff under the elements of the claims alleged. For a negligence claim under New York law to survive a Rule 12(b)(6) motion, the plaintiff must plausibly allege that the defendants owed a duty of care to the plaintiff, breached that duty, and that the breach was the proximate cause of an injury. Pearson v. Walden Univ., 144 F. Supp. 3d 503, 512 (S.D.N.Y. 2015). Plaintiff asserts no facts that would support the inference that defendants, in performing their respective public health roles in the midst of a pandemic by, *inter alia*, making public statements about masks and issuing the FTMM, breached any duty to plaintiff, nor that any asserted breach was the proximate cause of her alleged injuries (which, she concedes, were directly caused by non-governmental actors).

Plaintiff likewise fails to plausibly allege any constitutional violation. Plaintiff asserts that the FTMM "deprived the citizens of the United States of the constitutional right to liberty to make individual health decisions." (Compl. at 10.) "To qualify as a constitutionally protected due process liberty interest, the interest must be 'objectively, deeply rooted in history and tradition of the United States, and must be implicit in [the] concept of ordered liberty, so that neither liberty nor justice would exist if it were sacrificed.'" Wall v. Centers for Disease Control & Prevention, No. 21 CV 975, 2022 WL 1619516, at *2 n.8 (M.D. Fla. Apr. 29, 2022) (quoting Kerry v. Din, 576 U.S. 86, 93 (2015) (plurality)). However, there is no fundamental right to refuse to wear a face mask during a pandemic. See Doe on behalf of Doe v. Franklin Square Union Free Sch. Dist., No. 21 CV 5012, 2023 WL 2632512, at *3 (E.D.N.Y. Mar. 24, 2023). The FTMM constituted the kind of "minor restriction" that does not implicate the constitutional

8

right to travel.  Andreadakis v. Ctr. for Disease Control & Prevention, No. 22 CV 52, 2022 WL 2674194, at *13 (E.D. Va. July 11, 2022).

Plaintiff's references to other causes of action, including "deceptive marketing," "health care fraud," violations of the "False Claims Act," and violations of "the Civil Rights Act of 1964," also do not state a claim.  Merely invoking a cause of action, and even reciting its elements, is insufficient to state a claim absent actual factual support for each element.  See Toms v. Pizzo, 4 F. Supp. 2d 178, 183 (W.D.N.Y.), aff'd, 172 F.3d 38 (2d Cir. 1998) ("Boilerplate allegations which essentially restate the elements of a claim, without any factual support for each element, are insufficient") (quoting Buck Creek Coal, Inc. v. United Workers of Am., 917 F. Supp. 601, 610 (S.D. Ind. 1995)).  Here, the complaint is insufficiently pleaded because it includes no facts to plausibly allege that defendants violated any law, but simply characterizes certain pandemic-related policy decisions as "fraudulent" or "discriminatory." (Compl. at 10.)  Courts are not "bound to accept [a complaint's] conclusory allegations or legal conclusions masquerading as factual conclusions."  Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) (quoting Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008)); see also Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 146 (2d Cir. 2011) (noting that courts "need not 'credit a complaint's conclusory statements without reference to its factual context'" (quoting Iqbal, 556 U.S. at 686)).

Numerous courts have dismissed claims, even *pro se* claims, that merely provide laundry lists of alleged violations without plausible factual support.  See, e.g., Sloan v. Truong, 573 F. Supp. 2d 823, 829 (S.D.N.Y. 2008) (dismissing complaint that recited "laundry list" of grievances "without providing sufficient detail as to how any of these grievances amount to federal claims," instead "largely interweav[ing] purported 'facts' with [the plaintiff's] own

9

subjective rantings and commentary"); Pierce v. Marano, No. 01 CV 3410, 2002 WL 1858772, at *5 (S.D.N.Y. Aug. 13, 2002) (recommending dismissal of *pro se* complaint that provided "a laundry list" of Constitutional amendments plaintiff believed were violated but "fail[ed] to allege any facts to substantiate the claim[s]") (emphasis in original). The same result is warranted here, as plaintiff invokes numerous supposed causes of action, interwoven with her personal beliefs about mask-wearing, but fails to plead any facts that plausibly allege that defendants, merely by performing their public health duties, are liable to her under those causes of action. Plaintiff's *pro se* status does not exempt her from the baseline pleading requirements of Iqbal and Twombly.

**CONCLUSION**

For all of the above reasons, I respectfully recommend that defendants' motion to dismiss plaintiff's complaint be granted. Any objection to this report and recommendation must be filed with the Clerk of the Court, with a courtesy copy to Judge Gujarati, within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
        February 12, 2024