UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Victoria Huan,

                Plaintiff,            **MEMORANDUM & ORDER**
                                                        22-CV-07392 (DG) (RML)
     -against-

Anthony Fauci, MD, *et al.*,

                Defendants.
---------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On February 12, 2024, Magistrate Judge Robert M. Levy issued a Report and Recommendation ("R&R") recommending that Defendants' Motion to Dismiss brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 16, be granted. *See generally* R&R, ECF No. 26.[1] Judge Levy recommended that *pro se* Plaintiff's Complaint, ECF No. 1, be dismissed on the ground that Plaintiff lacks standing to bring her claims. *See* R&R at 3-6. Judge Levy also noted that Plaintiff's claims are subject to dismissal on the grounds of sovereign immunity and failure to state a claim. *See* R&R at 6-10.

        On February 26, 2024, Plaintiff filed objections to the R&R, raising a variety of issues. *See generally* ECF No. 27. Defendants did not file any objections to the R&R or any response to Plaintiff's objections to the R&R. *See generally* docket.

        A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiff's objections to the R&R, which the Court construes liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court reviews *de novo* the R&R.  A review of the R&R, the record, and the applicable law reveals that Judge Levy properly concluded that Defendants' Motion to Dismiss should be granted.  The Court therefore adopts the R&R's recommendation that Defendants' Motion to Dismiss be granted.

Defendants' Motion to Dismiss, ECF No. 16, is GRANTED and the Complaint, ECF No. 1, is DISMISSED without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Notwithstanding Plaintiff's *pro se* status, such dismissal is without leave to amend as the Court finds that amendment would be futile.  *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (noting that "[d]istrict courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend" but that "leave to amend is not necessary when it would be futile" (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)), and affirming district court's dismissal of *pro se* plaintiff's complaint for lack of subject matter jurisdiction and on the

2

ground that defendants are immune from suit and district court's denial of leave to amend); *Gross v. Intratek Comput. Inc.*, No. 22-CV-07440, 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) (noting that "[w]here a complaint has been dismissed for lack of subject matter jurisdiction, denial of leave to amend on the basis of futility may be appropriate," and denying *pro se* plaintiff leave to amend "given that there is no basis to invoke this Court's subject matter jurisdiction"); *Berrian v. Pataki*, 510 F. Supp. 2d 348, 356 (S.D.N.Y. 2007) (declining to grant leave to amend where *pro se* plaintiff could "articulate no set of facts that would confer standing" and "[a]ccordingly, amendment would be futile").

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and to close this case. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: March 19, 2024
       Brooklyn, New York